UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

TORAN V. PETERSON #318935,

    Plaintiff,                                                 Hon. Janet T. Neff

v.                                                          Case No. 1:19-cv-145

UNKNOWN DESROCHERS, et al.,

    Defendants.

_____/

**REPORT AND RECOMMENDATION**

This matter is before the Court on Defendants' Motion for Partial Summary Judgment Based on Failure to Exhaust. (ECF No. 17.) Pursuant to 28 U.S.C. § 636(b)(1)(B), the undersigned recommends that Defendants' motion be **DENIED**.

**BACKGROUND**

Plaintiff, a prisoner incarcerated with the Michigan Department of Corrections (MDOC), sued MDOC employees Unknown Desrochers, Unknown Toogood, and Unknown Lake, pursuant to 42 U.S.C. § 1983 alleging claims based on events that occurred while Plaintiff was housed at Ionia Correctional Facility (ICF) in Ionia, Michigan. Plaintiff alleges the following facts in his complaint. On February 24, 2016, Defendant Desrochers went to Plaintiff's cell and did not attempt to collect Plaintiff's Styrofoam food tray. Instead, Desrochers told Plaintiff he was going to "gas [Plaintiff's] ass." Desrochers left and returned shortly thereafter with extraction team officers dressed in full riot gear. Desrochers then opened the food slot and sprayed Plaintiff with a chemical agent. Plaintiff was handcuffed and taken to the shower. On the way to the shower, Defendant Toogood intentionally bent Plaintiff's left wrist to the point that his left hand was numb

1

and the handcuffs cut through Plaintiff's skin. Toogood refused to give Plaintiff soap in the shower to wash the chemical agent off his body. Defendant Lake, a nurse, then ignored Plaintiff's request for medial attention to his left wrist and falsified Plaintiff's medical records.

Based on his allegations, Plaintiff's claims are: (1) Desrochers subjected Plaintiff to excessive force by spraying him with chemical agent; (2) Defendant Toogood used excessive force on Plaintiff's wrist and was deliberately indifferent to Plaintiff's serious health needs by denying Plaintiff soap; and (3) Defendant Lake was deliberately indifferent to Plaintiff's need for medical attention.

Defendants now move for partial summary judgment on the ground that Plaintiff failed to exhaust his excessive force claim against Toogood and his claims against Lake. Defendants concede that Plaintiff properly exhausted his claim against Desrochers and his denial-of-soap claim against Toogood. (ECF No. 18 at PageID.77.) Plaintiff has filed a response and a declaration, arguing that the grievance process was unavailable to him to properly exhaust his grievances against Defendants Toogood and Lake.

## SUMMARY JUDGMENT STANDARD

Summary judgment is appropriate if there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a). Material facts are facts that are defined by substantive law and are necessary to apply the law. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A dispute is genuine if a reasonable jury could return judgment for the non-moving party. *Id.*

The court must draw all inferences in a light most favorable to the non-moving party but may grant summary judgment when "the record taken as a whole could not lead a rational trier of

fact to find for the non-moving party." *Agristor Fin. Corp. v. Van Sickle*, 967 F.2d 233, 236 (6th Cir. 1992) (quoting *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986)).

While a moving party without the burden of proof need only show that the opponent cannot sustain his burden at trial, a moving party with the burden of proof faces a "substantially higher hurdle." *Arnett v. Myers*, 281 F.3d 552, 561 (6th Cir. 2002). Where the moving party has the burden, "his showing must be sufficient for the court to hold that no reasonable trier of fact could find other than for the moving party." *Calderone v. United States*, 799 F.2d 254, 259 (6th Cir. 1986). The Sixth Circuit has emphasized that the party with the burden of proof "must show the record contains evidence satisfying the burden of persuasion and that the evidence is so powerful that no reasonable jury would be free to disbelieve it." *Arnett*, 281 F.3d at 561. Accordingly, summary judgment in favor of the party with the burden of persuasion "is inappropriate when the evidence is susceptible of different interpretations or inferences by the trier of fact." *Hunt v. Cromartie*, 526 U.S. 541, 553 (1999).

## ANALYSIS

Pursuant to 42 U.S.C. § 1997e(a), a prisoner must exhaust all available administrative remedies before filing a lawsuit with respect to prison conditions under 42 U.S.C. § 1983. *See Porter v. Nussle*, 534 U.S. 516, 524 (2002). Prisoners are no longer required to demonstrate exhaustion in their complaints. *See Jones v. Bock*, 549 U.S. 199, 216 (2007). Instead, failure to exhaust administrative remedies is "an affirmative defense under the PLRA" which the defendant bears the burden of establishing. *Id*. With respect to what constitutes proper exhaustion, the Supreme Court has stated that "the PLRA exhaustion requirement requires proper exhaustion," defined as "compliance with an agency's deadlines and other critical procedural rules." *Woodford v. Ngo*, 548 U.S. 81, 90-93 (2006). In *Bock*, the Court reiterated that

> Compliance with prison grievance procedures, therefore, is all that is required by the PLRA to "properly exhaust." The level of detail necessary in a grievance to comply with the grievance procedures will vary from system to system and claim to claim, but it is the prison's requirements, and not the PLRA, that define the boundaries of proper exhaustion.

*Bock*, 549 U.S. at 218.

MDOC Policy Directive 03.02.130 sets forth the applicable grievance procedure for prisoners in MDOC custody. Prior to submitting a grievance, a prisoner is required to "attempt to resolve the issue with the staff member involved within two business days after becoming aware of a grievable issue, unless prevented by circumstances beyond his/her control or if the issue falls within the jurisdiction of the Internal Affairs Division in Operations Support Administration." Mich. Dep't of Corr. Policy Directive 03.02.130 ¶ P. If this attempt is unsuccessful (or is inapplicable), the prisoner may submit a Step I grievance. *Id.* The Step I grievance must be submitted within five business days after attempting to resolve the matter with staff. *Id.* at ¶ V. The issues asserted in a grievance "should be stated briefly but concisely" and the "[d]ates, times, places, and names of all those involved in the issue being grieved are to be included." *Id.* at ¶ R.

If the prisoner is dissatisfied with the Step I response, or does not receive a timely response, he may appeal to Step II within ten business days of the response, or if no response was received, within ten business days after the response was due. *Id.* at ¶ BB. If the prisoner is dissatisfied with the Step II response, or does not receive a timely Step II response, he may appeal the matter to Step III. *Id.* at ¶ FF. The Step III grievance must be submitted within ten business days after receiving the Step II response, or if no Step II response was received, within ten business days after the date the Step II response was due. *Id.*

In support of their motion, Defendants attach a Step III Grievance Report showing grievances that Plaintiff exhausted through Step III. Defendants cite four Step III grievances that Plaintiff filed during March 2016.

4

1. <u>Grievance ICF-16-03-0287-28a (0287 Grievance)</u>. The 0287 Grievance alleged that Desrochers did not retrieve Plaintiff's food tray as a pretext to gas Plaintiff. The 0287 Grievance was rejected at Step I as duplicative of Grievance ICF-16-03-0284-27z (0284 Grievance) and the rejection was upheld through Step III.

2. <u>The 0284 Grievance.</u> This grievance alleged that Desrochers gassed Plaintiff, and the unidentified members of the extraction team did not stop Desrochers even though Plaintiff was complying with orders. Grievance 0284 was rejected at Step I as being non-grievable and the rejection was upheld through Step III.

3. <u>Grievance ICF-16-03-0285-03b (0285 Grievance)</u>. The 0285 Grievance alleged that Toogood refused to give Plaintiff soap to wash off the chemical agent. It was rejected at Step I as being non-grievable but denied at Step III.

4. <u>Grievance ICF-16-03-0288-27z.</u> This grievance concerned food loaf policy.

(ECF No. 18.)

Defendants concede that the 0287 and 0284 Grievances against Desrochers should not have been rejected and that the Step III merits denial of the 0285 Grievance properly exhausted the denial-of-soap claim against Toogood. Defendants argue that summary judgment is proper on Plaintiff's excessive force claim against Toogood and his claims against Lakes because Plaintiff failed to exhaust grievances on those issues through Step III.

Plaintiff has submitted a declaration stating that the 0287 and 0284 Grievances were used to place him on modified access for abusing the grievance system. (ECF No. 36.) A prisoner on modified access must obtain Step I grievance forms from the Step I Grievance Coordinator, who must determine "that the issue the prisoner . . . wishes to grieve is grievable and otherwise meets the criteria" in the grievance policy. MDOC Policy Directive 03.02.130 ¶ KK. Plaintiff attaches to his response Step I grievances that he filed regarding his claim that Toogood injured his wrist and his claim that Lake failed to provide medical care. (ECF No. 35-1 at PageID.243, 245.) Plaintiff states that he did not exhaust these grievances through Step III because the Grievance

5

Coordinator, Lewis, failed to send him Step II forms as he had requested. (ECF No. 36.) Defendants argue in their reply that Plaintiff's own exhibit refutes his claim that the Grievance Coordinator never responded to his request for Step II appeal forms because the January 19, 2016 Step I response to Plaintiff's January 4, 2016 grievance (ECF No. 35-1 at PageID.241) states that the grievance office never received any requests from Plaintiff for Step II appeal forms. (ECF No. 41 at PageID.263.) The January 19, 2016 grievance response (ECF No. 35-1 at PageID.241) cannot refute Plaintiff's claim in his declaration because the events which gave rise to Plaintiff's instant claims occurred more than a month later. Defendants offer no admissible evidence to refute Plaintiff's assertion that he requested Step II appeal forms for his February 28 and February 29 grievances against Toogood and Lake. In Plaintiff's January 4, 2016 grievance, Plaintiff complained about previous failures to provide Step II forms, which Plaintiff identified as an ongoing problem. (ECF No. 35-1 at PageID.240.)

In *Ross v. Blake*, 136 S. Ct. 1850 (2016), the Supreme Court observed that a grievance process is unavailable where, among other things, "it operates as a simple dead end—with officers unable or consistently unwilling to provide any relief to aggrieved inmates." *Id.* at 1859. Here, Plaintiff's evidence created a genuine dispute of material fact as to whether Plaintiff exhausted his administrative remedies. Accordingly, Defendants fail to satisfy their burden on summary judgment.

## CONCLUSION

For the foregoing reasons, the undersigned recommends that Defendants' Motion for Partial Summary Judgment based on Failure to Exhaust (ECF No. 17) be **denied**.

## NOTICE

OBJECTIONS to this Report and Recommendation must be filed with the Clerk of Court within 14 days of the date of service of this notice. 28 U.S.C. § 636(b)(1)(C). Failure to file objections within the specified time waives the right to appeal the District Court's order. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir.1981).

                                      Respectfully submitted,

Dated: March 2, 2020                                       /s/ Sally J. Berens
                                                                      SALLY J. BERENS
                                                                       U.S. Magistrate Judge